# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON MILLER, | : | |
| Plaintiff | : | CIVIL NO. 3:CV-14-0301 |
| v. | : | (Judge Caputo) |
| PAULA PRICE, *et al.*, | : | |
| Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Jason Miller, filed this civil rights action on February 9, 2014. (Doc. 1, Compl.) Shortly thereafter, he filed an Amended Complaint. (Doc. 7, Am. Compl.) In his Amended Complaint he alleges he is disabled and he was injured on April 17, 2013, when he fell in the shower at SCI-Huntingdon after his medication made him sick and because there are insufficient handicapped showers at the facility. He also claims that his medically prescribed ankle braces were improperly confiscated by security staff. His final claim is against medical staff at the prison who failed to properly treat his rectal abscess. (*Id.*)

On April 11, 2014, the Court entered an Order directing service of the Amended Complaint on the named defendants. (Doc. 10, Order.) On July 1, 2014, Dr. Tavaras' Waiver of Service was returned undeliverable and unexecuted with the notation "no fwd address". (Doc. 18, Unexecuted Request for Waiver.) Thus, service of process remains uneffectuated on this Defendant.

In cases wherein the plaintiff proceeds *in forma pauperis*, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3). Although an inmate plaintiff proceeding *in forma pauperis* may rely on service by the Marshal, he is not divested of all responsibilities related to this task. When advised of a problem in accomplishing service, a *pro se* litigant proceeding *in forma pauperis* must "attempt to remedy any apparent service defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If service cannot be accomplished due to the *pro se* plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal of claims against the defendant may be appropriate. *See* Fed. R. Civ. P. 4(m). In this case, the burden is on Mr. Miller to provide sufficient information to enable the Marshal to serve Dr. Tavaras.

**ACCORDINGLY, THIS 7th DAY OF JULY, 2014, IT IS HEREBY ORDERED THAT:**

1. Mr. Miller has thirty (30) days from the date of this Order to provide the Court with the necessary information to effect service on Dr. Tavaras.

2. Plaintiff's failure to provide the Court with the requested information may result in the dismissal of this action against Dr. Tavaras pursuant to Fed. R. Civ. P. 4(m).

**A. RICHARD CAPUTO**
**United States District Judge**