# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON MILLER, | : | |
| Plaintiff | : | CIVIL NO. 3:CV-14-0301 |
| v. | : | (Judge Caputo) |
| PAULA PRICE, *et al.*, | : | |
| Defendants | : | |

# M E M O R A N D U M

## I.   Introduction

On February 9, 2014, Jason Miller, an inmate currently housed at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 after he slipped and fell in the shower.  He was taken to an outside hospital were he was treated and released.  (Doc. 1, Compl.)  Mr. Miller claims the medical staff misdiagnosed his injuries and failed to adequately treat his pain.  (*Id.*)  Prior to the Court screening Mr. Miller's Complaint, he filed an Amended Complaint.  *See* Doc. 7.  He further elaborates on his lack of medical care and denial of his ankle brace in his Amended Complaint.  (*Id.*)

Presently before the Court is Mr. Miller's third motion for appointment of counsel based on his incarceration, limited knowledge of the law, limited access to the law library, indigent status and physical disabilities.  *See* Doc. 23.  For the reasons that follow, Mr. Miller's third motion for counsel will be denied without prejudice.

**II.     Discussion**

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  A district court as "broad discretion" to determine whether counsel should be appointed.  *Montgomery,* 294 F. 3d at 498.  The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).  The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499.  Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

> 1.  the plaintiff's ability to present his or her own case;
> 2.  the difficulty of the particular legal issues;
> 3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the extent to which a case is likely to turn on credibility determinations;
> 5. whether the case will require testimony from expert witnesses;
> 6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d

147, 155-57 (3d Cir. 1993)).   After examining the above factors, the Court will deny Mr. Miller's present motion for counsel without prejudice.

As noted in our denial of Mr. Miller's first and second motions for counsel on (Docs. 11 - 12 and 15), this case is still in its procedural infancy.  On April 11, 2014, the Court directed service of the Amended Complaint.  Since then Defendants have filed a motion to dismiss, based in part, of Mr. Miller's failure to exhaust his administrative remedies.  (Doc. 20, Mot. to Dismiss.)  The Prison Litigation Reform Act (PLRA) requires that a prisoner shall not be permitted to proceed with a Section 1983 action unless he or she has exhausted all available administrative remedies. *See* 42 U.S.C. § 1997e(a).  Defendants also charge Mr. Miller has failed to allege the personal involvement of many of the Defendants.  Mr. Miller has yet to respond to Defendants' motion to dismiss.

To date, Mr. Miller's Amended Complaint, and other correspondence to the court, have been clearly worded and present logical concise arguments.  Minimal legal knowledge or research is necessary to respond to many of the issues raised in Defendants' motion to dismiss such as his alleged improper exhaustion of administrative remedies, as well as the personal involvement of each of the named Defendants.  To the extent that Mr. Miller's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Mr. Miller has recently sought an enlargement of time to respond to Defendants' motion to dismiss. The court will grant Mr. Miller the requested enlargement of time.

There is no evidence, at this point, that any prejudice will result in the absence of counsel.  Consequently, at this time Mr. Miller's third request for counsel will be denied without prejudice.  Plaintiff may file another motion for appointment of counsel if his circumstances change.  The court will grant Mr. Miller additional time to file his brief in opposition to Defendants' motion to dismiss.

An appropriate Order follows.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
**United States District Judge**

Date:  August   21 , 2014